IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| -vs- | § § § | SA-25-CR-351-XR |
| DAMIAN SOTO,  *Defendant* | § § § | |

# ORDER

In this case a Magistrate Judge held a hearing on June 3, 2025, to determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Magistrate Judge granted Defendant pretrial release with conditions. ECF No. 10. The Government now appeals that order. ECF No. 11.

## ANALYSIS

### I. Legal Standard

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

This is not a case in which the alleged crime gives rise to the presumption that no conditions may be imposed which would reasonably assure the appearance and the safety of the community.

1

*See* 18 U.S.C. § 3142(e)(2). Accordingly, under the statutory scheme, which generally favors bail release, the Government must meet a dual burden in seeking pretrial detention.

*First*, it must establish either (1) by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight *or* (2) by clear and convincing evidence that the defendant poses a danger to any other person and the community. *United States v. Fortna*, 769 F.2d 243, 250–251 & n.7 (5th Cir. 1985). The term "community" is not limited to the local or national community but may include a community outside the United States. *See United States v. Hir*, 517 F.3d 1081, 1091 (9th Cir. 2008) (defendant posed a grave danger to the Philippines). *Second*, if it meets this burden, then the Government must establish by a preponderance that no condition or combination of conditions could be imposed which will reasonably assure the defendant's presence in court or the safety of any person or the community. *See Fortna*, 769 F.2d at 250; 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any person or the community, the judge shall take into consideration the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs;
>
> (2) the weight of evidence against the defendant;
>
> (3) the history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct, drug or alcohol abuse history, criminal history and records concerning appearance at court proceedings, whether he was on probation, parole or release pending another trial, sentencing or appeal; and
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

## II. Discussion

The Government argues that the Defendant is charged with attempting to traffic SCAR-type rifles, which could have been easily converted to a functional machine gun equipped with a suppressor. The offense can carry a penalty of 15 years imprisonment. The Government argues that the evidence in this case will show that the Defendant was attempting to buy the weapons for someone else, and those other persons had ties to drug trafficking cartels in Mexico. The Government contends that recorded conversations will show that the Defendant met with an undercover agent, understood that he would be purchasing a machinegun, and was negotiating over the purchase price when he thought suppressors could also be obtained. The Government also argues that the evidence in this case will demonstrate that the initial purchase date for the weapon did not occur because the Defendant did not have the necessary funds, but that he travelled to Mexico that date and the next day he returned with cash to make the purchase.

The Government further argues that records will demonstrate that he crossed into the United States from Mexico at least 52 times in 2025, making 15 of those crossings during May 2025, the relevant period alleged in the Indictment. The Government contends that during some of these crossings the Defendant was travelling with individuals suspected by law enforcement to be engaged in narcotics trafficking activity. Some of these border crossings took place in the middle of the night.

At the time of his arrest, the three machineguns had an estimated cost of $20,000. The Government argues that weapons such as SCAR-type rifles are in high demand by cartel organizations in Mexico.

The Government argues that the Defendant, if released, is a flight risk and a danger to the community. In support, the Government points out that Defendant has made numerous trips to Mexico and has known associations with individuals located in Mexico. The Government also argues that Defendant's income stream is unreliable and suspicious; he claims he is self-employed in the construction industry and stated to the Pretrial Services Officer that he earns about $2,000 per month, that he and his spouse also receive $1,100 in food stamps and $300 in miscellaneous income,[1] for a total of $3,400, but acknowledged monthly expenses of $2,110. The Government argues that this income flow does not allow for purchasing the three weapons and so demonstrates he has access to other funds, that, if acquired, may require him to recidivate.

The Defendant argues that the above are mere allegations, that he is tied to Corpus Christi, Texas as evidenced by a mortgage he has on a home there, that his family—including his spouse, young children, father and sister—reside in Corpus Christi, and that he earlier successfully completed a 7-year deferred probation, which all demonstrate he is not a flight risk.

The Court concludes that the Magistrate Judge correctly concluded that probable cause existed that the Defendant had committed the offense of attempting to traffic in firearms. But the Court concludes that the Government failed to show, by clear and convincing evidence, that the Defendant is a danger to any person or the community, as the Government relies only on the allegations in this case and a speculative theory that the Defendant, due to his financial circumstances, will reoffend. The Court further concludes that the Government has established, by a preponderance, that the Defendant is a flight risk based on his inaccurate financial disclosures and ties to individuals located in Mexico. But given his previous compliance with court-ordered

---

[1] The Defendant contended that the $300 in miscellaneous income was a mistake, and was $300 per week, not per month. The Court does not rely on counsel's assertion, which was not in the record before the Magistrate Judge.

Probation, and spouse and children, father and sister living in the United States, the Magistrate Judge correctly concluded that conditions of release could be imposed which will reasonably assure the Defendant's presence in court.

After conducting a de novo review the Court reimposes the conditions of release set forth in the June 3, 2025 Order (ECF No. 10), modified as follows: **Defendant's bond should be at least $300,000, secured by an agreement to forfeit cash or other personal or real property.**

## CONCLUSION

This case is **REMANDED** to the Magistrate Judge for the entry of an appearance bond as set forth above.

It is so **ORDERED**.

**SIGNED** this 8th day of July, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE